BUTTLER, J.
Wife appeals from those portions of a dissolution decree dividing the property and awarding spousal and child support. The trial court apparently attempted to achieve an approximately equal division of property in winding up this 28-year marriage. In contending that she came out on the short end of the division, the wife ignores the value of her right to live in the family home for ten years rent-free, paying only taxes and insurance in the approximate amount of $50 per month. In ignoring that value, she claims she received assets worth approximately $5,000 and husband received assets worth approximately $20,000.
The decree provides that the family home shall be owned by the parties as tenants in common, subject to the wife’s right to possession until the eight-year old child in wife’s custody attains her 18th birthday, after which the property shall be sold and the net proceeds derived therefrom divided equally between them. Wife contends that she is entitled to the home free of any claim by the husband. Such a division would give wife assets worth between $31,500 and $36,000, an unjustified imbalance.
The record discloses that the assets to be divided do not lend much flexibility to the framing of a decree. We think the trial court’s solution was just and equitable. McCoy and McCoy, 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977).
The wife’s contention that both spousal and child support should be $200 rather than $150 per month is not supported by the record. She is 45 and husband is 48. Each is employed, and while it appears from an unclear record that husband earns about twice as much as the wife, the amounts awarded, together with the division of property, will permit both husband and wife to come as close to maintaining their former standard of living as the circumstances permit.
Affirmed. Costs to neither party.